**BRIDGEPORT ROLLING MILLS COM-PANY, Plaintiff-Appellant,**

v.

**Theodore Roosevelt BROWN et al., Defendant-Appellee.**

No. 187, Docket 27805.

United States Court of Appeals Second Circuit.

Argued Jan. 14, 1963.

Decided March 15, 1963.

Robert C. Bell, Jr., New Canaan, Conn., for plaintiff-appellant.

John A. Arcudi, Bridgeport, Conn., for defendant-appellee.

Before MEDINA, WATERMAN, and MOORE, Circuit Judges.

PER CURIAM.

In the United States District Court for the District of Connecticut Bridge-port Rolling Mills Company moved to vacate a labor arbitration award adverse to it. The grounds for the motion were alleged to be those of newly discovered evidence, Rule 60(b) Fed.R.Civ.P., and fraud in the procurement of the award. United States Arbitration Act, 9 U.S.C. § 10(a). The employer filed affidavits in support of its motion. The employee then moved for judgment on the pleadings and the employer's affidavits. The employer's motion to vacate was denied. The employee's motion for judgment was granted. This appeal followed.

Under the arbitrator's award Bridge-port was ordered to reinstate with back pay an employee, Theodore Brown, who had been discharged under suspicion of complicity in the theft of materials from appellant's plant. The arbitrator, finding that the evidence offered against Brown in the arbitration proceeding consisted of "mere rumor and gossip", found that the employer to the employer's knowledge at the time of the discharge did not have just cause to discharge Brown.

Appellant, when it petitioned the district court to vacate the award, claimed to possess evidence uncovered after the arbitration award which conclusively established Brown's complicity, during his employment, in the thefts that then occurred, and alleged that Brown's testimony at the arbitration hearing, being perjurious, resulted in a fraudulent award. The trial judge held that the employer's affidavits failed to satisfy the employer's burden of proof. Upon oral argument before us appellant's counsel stated that he was prepared to submit to us additional confirmatory information demonstrating Brown's complicity in the thefts and his perjury, which information had been obtained after the docketing of the appeal. That the employer at the time his motion was presented to the district court may have had, or may now have, sufficient evidence to justify a discharge of Brown for cause if he were now in the employer's employ is irrelevant to the issues the arbitrator heard and has no bearing upon the arbitrator's

determination that the employer did not have just cause to discharge him in 1961. Brown's guilt, if now proved, does not require the conclusion that the arbitrator's award, when made, was procured by fraud, for the decision of the arbitrator was based upon the failure of the employer's proof to convince rather than on the strength of Brown's alleged perjurious testimony.

We do not imply by what we have said here that the employer cannot commence whatever actions it may be advised to pursue for the alleged conversion of its property—or to imply that, upon Brown's reinstatement, it may not, if so advised, forthwith discharge him for just cause. We only hold that the parties, having agreed to an arbitration of their differences, are bound by the arbitration award made upon the testimony before the arbitrator.

We affirm the district court.