**JENKINS BROS., Plaintiff-Appellant,**

v.

**LOCAL 5623, UNITED STEELWORKERS OF AMERICA, et al., Defendants-Appellees.**

No. 254, Docket 29027.

United States Court of Appeals Second Circuit.

Argued Jan. 22, 1965.

Decided Feb. 26, 1965.

Clifford R. Oviatt, Jr., Stamford, Conn. (Morgan P. Ames, Stamford, Conn., on the brief) (John A. Sabanosh, Cummings & Lockwood, Stamford, Conn., of counsel), for plaintiff-appellant.

Daniel Baker, Stamford, Conn. (Baker & Diamond, Stamford, Conn., on the brief), for defendant-appellee.

Before MOORE, FRIENDLY and MARSHALL, Circuit Judges.

PER CURIAM:

■■ This appeal is another attempt to escape the clearly enunciated federal policy of enforcing arbitration provisions in union management contracts by seeking to interpose theories of state public policy or police power. Appellant, Jenkins Bros., sued the appellee union in the Superior Court of the State of Connecticut for Fairfield County seeking injunctive relief against the holding of an arbitration hearing on a grievance involving the discharge of an employee who had been convicted of violating the gambling laws of Connecticut. The proceeding was removed to the United States District Court of Connecticut where appellee union filed a motion to dismiss and appellant filed a motion to remand. The motion to remand was denied and appellee's motion to dismiss was granted.

Judge Timbers dismissed the action on the authority of our decision in Local 453, International Union of Electrical, Radio and Machine Workers, AFL–CIO v. Otis Elevator Co., 314 F.2d 25 (2 Cir.), cert. denied, 373 U.S. 949, 83 S.Ct. 1680, 10 L.Ed.2d 705 (1963). Appellant seeks to distinguish Otis by relying upon a lower Connecticut court decision that an arbitration award would be contrary to Connecticut public policy, Avco Corp. v. Preteska, 22 Conn.Sup. 475, 174 A.2d 684 (Super.Ct. 1961). This argument completely ignores our holding in Otis that the question whether an award would be enforceable is one of federal law. Tex-

tile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

We therefore affirm the judgment below.