Theodore Roosevelt BROWN, International Union United Automobile, Aircraft and Agricultural Workers of America (UAW) and Local Union No. 877, Plaintiffs,

v.

BRIDGEPORT ROLLING MILLS COMPANY, Defendant.

Civ. No. 10390.

United States District Court
D. Connecticut.

July 7, 1965.

Rehearing Denied July 30, 1965.

John A. Arcudi, of Arcudi & Green, Bridgeport, Conn., for plaintiffs.

Robert C. Bell, Jr., New Canaan, Conn., for defendant.

TIMBERS, Chief Judge.

In this action to confirm an arbitrator's award, plaintiffs' motions for summary judgment, pursuant to Rule 56, Fed. R.Civ.P., and to strike the second and third defenses and counterclaim in defendant's answer, pursuant to Rule 12(f), Fed.R.Civ.P., present a question of importance in the application of the Labor Management Relations Act [1] and the United States Arbitration Act.[2]

### QUESTION PRESENTED

The chief question presented is whether an employer, after unsuccessfully seeking to *vacate* a labor arbitration award adverse to it, may, under the guise of defending a subsequent action by the employee and union to *confirm* that award, continue to resist complying with the award by injecting issues expressly held to be irrelevant in the prior proceeding.

The Court holds that the employer may not do so. Accordingly, plaintiffs' motions for summary judgment and to strike defenses and counterclaim are granted.

---

1. 29 U.S.C. § 185.

2. 9 U.S.C. §§ 9–11.
   Jurisdiction rests upon Section 301(a) of the Labor Management Relations Act (29 U.S.C. § 185(a)) and through it, there are invoked remedies provided by the United States Arbitration Act (9 U. S.C. §§ 9–11), the Arbitration Act not furnishing an independent basis of federal jurisdiction. Robert Lawrence Company v. Devonshire Fabrics, Inc., 271 F. 2d 402, 408 (2 Cir. 1959), cert. granted, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618 (1960), appeal dismissed per stipulation, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed. 2d 37 (1960).

## FACTS

An arbitration award, entered August 21, 1961 by Arbitrator Paul R. Hays, ordered Bridgeport Rolling Mills Company to reinstate with back pay an employee, Theodore Roosevelt Brown. The Company had discharged Brown upon suspicion of complicity in the theft of materials from its plant. The arbitrator found that the evidence offered against Brown in the arbitration proceeding was "mere rumor and gossip" and held that the Company at the time of the discharge did not have just cause to discharge Brown.

The Company moved in the District Court, pursuant to Section 10 of the Arbitration Act,[3] to vacate the arbitration award; Brown and the Union moved for judgment on the record and pleadings. The Company, pursuant to Rule 60(b), Fed.R.Civ.P., claimed to possess evidence uncovered after the arbitration award which conclusively established Brown's complicity, during his employment, in the thefts which occurred during his employment and alleged that Brown's testimony at the arbitration hearing, being perjurious, resulted in a fraudulent award.

The District Court held that it had jurisdiction to vacate, correct or modify the arbitration award if it was procured by fraud; that if material perjured evidence had been furnished to the arbitrator by the prevailing party, that would constitute fraud sufficient to warrant setting aside the award; and that the Company, as the party asserting such perjury as fraud to upset the award, must show that the claimed newly discovered evidence relied upon to establish fraud, if received, would meet the requirements (a) of probative value normally expected in an arbitration proceeding and (b) of being not discoverable or available to the Company in the exercise of due diligence during the arbitration proceeding. The District Court concluded that the Company had failed to sustain its burden of complying with the foregoing requirements and therefore denied the Company's motion to vacate the arbitration award and granted the motion by Brown and the Union for judgment on the record and pleadings (Bridgeport Rolling Mills Company v. Brown, Civil No. 8995 (D. Conn. July 25, 1962)) (unreported).

Upon the Company's appeal, the Court of Appeals affirmed the District Court. 314 F.2d 885. The Supreme Court denied certiorari. 375 U.S. 821, 84 S.Ct. 58, 11 L.Ed.2d 55. Upon oral argument in the Court of Appeals, counsel for the Company stated he was prepared to submit to that Court additional confirmatory information demonstrating Brown's complicity in the thefts and his perjury, which information had been obtained after the docketing of the appeal. 314 F.2d 885. Such offer of proof was rejected by the Court of Appeals as irrelevant—in that Court and in the District Court—to the issues the arbitrator heard and to the arbitrator's determination that the Company did not have just cause to discharge Brown.[4]

---

3. 9 U.S.C. § 10.

4. The Court of Appeals said (314 F.2d 885–886):

   "That the employer at the time his motion was presented to the district court may have had, or may now have, sufficient evidence to justify a discharge of Brown for cause if he were now in the employer's employ is irrelevant to the issues the arbitrator heard and has no bearing upon the arbitrator's determination that the employer did not have just cause to discharge him in 1961. Brown's guilt, if now proved, does not require the conclusion that the arbitrator's award, when made, was procured by fraud, for the decision of the arbitrator was based upon the failure of the employer's proof to convince rather than on the strength of Brown's alleged perjurious testimony.

   "We do not imply by what we have said here that the employer cannot commence whatever actions it may be advised to pursue for the alleged conversion of its property—or to imply that, upon Brown's reinstatement, it may not, if so advised, forthwith discharge him for just cause. We only hold that the parties, having agreed to an arbitration of their differences, are

The instant action by Brown and the Union, pursuant to Section 9 of the Arbitration Act,[5] seeks an order confirming the arbitration award and directing that Brown be reinstated with back pay in accordance with the award. The Company admits the allegations of the complaint, except it alleges that Brown, rather than demanding reinstatement with back wages in accordance with the award, appeared at the Company's place of business to discuss his return to work; and, by special defenses and counterclaims, the Company alleges that Brown rejected the Company's offer of re-employment and Brown owes the Company substantial sums of money for material stolen from the plant by Brown in person and in conspiracy with others.

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The question before the Court on the instant motion is whether there is any genuine issue as to any material fact and whether plaintiffs are entitled to judgment as a matter of law.

■ The Court holds that the judgment entered in the prior proceeding (Civil No. 8995) denying the Company's motion to vacate the arbitration award and granting the motion by Brown and the Union for judgment on the record and pleadings is res judicata (perhaps more accurately stated, collateral estoppel by judgment) as to all issues involving the validity of the award in the instant action to confirm it.[6]

■ It might well be sufficient to hold that the motion by Brown and the Union for judgment on the record and pleadings

in the prior proceeding was tantamount to a Section 9 motion to confirm the award; in fact, their motion requested *"that a Judgment be entered confirming the Arbitration award and denying the Company's petition to vacate the said award."* (Emphasis added) That motion was granted and judgment was entered by this Court; it was affirmed on appeal. Under the doctrine of res judicata, therefore, the parties are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, supra note 6, at 352.

■ Viewing the prior proceeding strictly as one pursuant to Section 10 to vacate the award, however, the judgment entered therein has the effect at least of collateral estoppel by judgment (and perhaps of res judicata) in the instant proceeding pursuant to Section 9 to confirm the award. In a converse situation under the Arbitration Act, the Court of Appeals for this Circuit (Hand, Swan and Hand, C. JJ.) in The Hartbridge, 57 F.2d 672, 673 (2 Cir. 1932), cert. denied, 288 U.S. 601, 53 S.Ct. 320, 77 L.Ed. 977 (1933), stated:

"Upon a motion to confirm the party opposing confirmation may apparently object upon any ground which constitutes a sufficient cause under the statute to vacate, modify, or correct, although no such formal motion has been made.

\* \* \* \* \* \*

"As we understand the statute a motion to confirm puts the other party

bound by the arbitration award made upon the testimony before the arbitrator."

5. 9 U.S.C. § 9.

6. Cromwell v. County of Sac, 94 U.S. 351, 352–353, 24 L.Ed. 195 (1876); United States v. Moser, 266 U.S. 236, 241–242, 45 S.Ct. 66, 69 L.Ed. 262 (1924); Commissioner v. Sunnen, 333 U.S. 591, 597–598, 68 S.Ct. 715, 92 L.Ed. 898 (1948); Partmar Corp. v. Paramount Corp., 347 U.S. 89, 90–92, 74 S.Ct. 414, 98 L.Ed. 532 (1954); Yates v. United States, 354 U.S. 298, 335–338, 77 S.Ct. 264, 1 L.Ed.2d 1356 (1957); Zdanok v. Glidden Company, 327 F.2d 944, 952–955 (2 Cir. 1964), cert. denied, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); Wharton v. Hirsch, 348 F.2d 906 (2 Cir. 1965); Saper v. Long, 121 F.Supp. 65, 66 (S.D.N.Y.1954); 1A Moore's Federal Practice ¶0.401, at 4022–4023 (2d ed. 1961); 6 Moore, op. cit. supra, ¶56.12 [52], at 2256–2260 (2d ed. 1953).

to his objections. He cannot idly stand by, allow the award to be confirmed and judgment thereon entered, and then move to vacate the award just as though no judgment existed."

In short, in a proceeding to confirm an award not only *may* an opposing party object upon grounds which might be urged in support of a proceeding to vacate an award; he *must* do so, or he waives his right to do so.

■ Conversely, the same principle should be applied as a matter of common sense in a proceeding to vacate an award where, as here, the opposing parties (Brown and the Union) were required to object upon all grounds which might be urged in support of a proceeding to confirm the award. Brown and the Union did just that in the prior proceeding (Civil No. 8995); they not only opposed the motion to vacate the award but affirmatively moved for judgment on the record and pleadings. Accordingly, this Court's judgment in the prior proceeding denying the Company's motion to vacate the award and granting the motion by Brown and the Union for judgment on the record and pleadings was in effect a judgment confirming the award pursuant to Section 9. Under the doctrine of collateral estoppel by judgment, the judgment in the prior proceeding operates as an estoppel "as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." Cromwell v. County of Sac, supra note 6, at 353.[7]

■■ The Company's claim, asserted in defense of the instant proceeding to confirm the award, that "Theodore Roosevelt Brown owes the defendant substantial sums for material which was stolen from the plant of the defendant by the said Theodore Roosevelt Brown in person and in concert and conspiracy with others" is substantially the same claim— or at least is based on the same underlying facts—as the Company's claim in the prior proceeding to vacate the award that Brown was implicated in the theft of materials from the Company's plant. The determination in the prior proceeding that such claim was irrelevant is conclusive upon the Company in the instant proceeding. "Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel." Commissioner v. Sunnen, supra note 6, at 598. The Company's recasting the claim in the instant proceeding in the form of a money claim for damages (as well as a defense against the proceeding to confirm the award) in no way dilutes the conclusiveness of the prior determination against the Company in the instant proceeding.

■ The only matters before the Court in the instant proceeding which were not determined ·in the prior proceeding are whether the Company has offered Brown reinstatement to his former position and the amount of compensation due from the Company in accordance with the arbitration award. There is no genuine issue as to any material fact with respect to either matter.[8]

---

7. In view of this Court's holding that its judgment in the prior proceeding (Civil No. 8995) was in effect a judgment confirming the award pursuant to Section 9, there is removed from the instant proceeding any statute of limitations question; for the prior proceeding was commenced "within one year after the award [was] made" (9 U.S.C. § 9). Moreover, the summary remedy of confirmation of an award provided by Section 9 has been held not barred by the one-year limitation contained therein which is not mandatory, but permissive. Kentucky River Mills v. Jackson, 206 F.2d 111, 120 (6 Cir. 1953), cert. denied, 346 U.S. 887,

74 S.Ct. 144, 98 L.Ed. 392 (1953) ; cf. The Hartbridge, supra, at 673–674.

8. It may be that the instant proceeding (Civil No. 10,390) to confirm the arbitration award is superfluous and should be dismissed in view of the Court's holding that its judgment in the prior proceeding (Civil No. 8995) was in effect a judgment confirming the award pursuant to Section 9. Plaintiffs here clearly have demonstrated, however, that they are entitled to a judgment implementing the arbitrator's award and granting the relief which has been withheld for nearly four years. Rather than dismissing this ac-

The material facts regarding reinstatement and compensation are as follows: On August 21, 1961 the arbitrator ordered the Company to offer Brown reinstatement to his former position with back pay during the period of his unjustified discharge in accordance with a formula specified in the award. The District Court, in an order entered July 25, 1962, denied the Company's motion to vacate the award and granted the motion of Brown and the Union for judgment on the record and pleadings. The Company filed its notice of appeal to the Court of Appeals on August 16, 1962. While the appeal was pending, the Company's industrial relations director notified Brown by letter received by him on Saturday, September 29, 1962, "that we are reinstating you to the company payroll effective October 1, 1962 and you are to report for employment on that day at 5:00 P.M." Brown's former position to which the arbitrator ordered the Company to reinstate him was on the first shift. The Company had no shift beginning at 5:00 P.M. Brown appeared at the office of the Company's industrial relations director on October 1 at 5:00 P.M. and was informed by the latter that he had "signed Mr. Brown in as being on the payroll as of 5:10 P.M." The industrial relations director informed

Brown that it was not the Company's intention to reinstate him to full status nor to give him his back pay; but that he had some questions to ask Brown concerning some papers which he showed him. Brown was given no work to perform and no pay of any kind. This is the only gesture made by the Company since the arbitration award of August 21, 1961 to reinstate Brown.

Company counsel informed Brown's counsel that "We see nothing improper in recalling Theodore Brown to work to minimize damages without paying the balance of alleged wages claimed due him until the matter is settled on appeal," adding that "We also see no reason why he should not be interrogated concerning certain evidence available to us since the arbitration hearings of last year and acting in whatever manner we consider proper in connection therewith. * * "

The Court holds that the Company at no time has made a good faith offer to reinstate Brown to his former position with back pay during the period of his unjustified discharge in accordance with the arbitration award. The after-hour recall to minimize damages without paying wages due and to conduct an interrogation concerning evidence which has been held to be irrelevant

tion and relegating plaintiffs to a contempt proceeding to secure their relief, it seems to the Court appropriate—and indeed necessary if the summary remedy of confirmation of an award provided by Section 9 is not to be totally emasculated—to direct that judgment be entered granting the relief to which plaintiffs are entitled, even though the vehicle they have chosen has been used by them before and has been upheld on appeal. Rule 54 (c), Fed.R.Civ.P., appears clearly to authorize such action:

"* * * Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

The Court of Appeals for this Circuit uniformly has construed Rule 54(c) to re-

quire the granting of relief to which a party is entitled irrespective of the form of action or the prayer for relief. Atwater v. North American Coal Corporation, 111 F.2d 125, 126 (2 Cir. 1940) (concurring opinion); Cohen v. Randall, 137 F.2d 441, 443 (2 Cir. 1943), cert. denied, 320 U.S. 796, 64 S.Ct. 263, 88 L.Ed. 480 (1943); United States for the use of Susi Contracting Co. v. Zara Contracting Co., 146 F.2d 606, 609 (2 Cir. 1944); Truth Seeker Company v. Durning, 147 F.2d 54, 56 (2 Cir. 1945); Ring v. Spina, 148 F.2d 647, 653 (2 Cir. 1945); Gins v. Mauser Plumbing Supply Co., 148 F.2d 974, 976 (2 Cir. 1945); Matarese v. Moore-McCormack Lines, 158 F.2d 631, 633 (2 Cir. 1946); Bowles v. J. J. Schmitt & Co., 170 F.2d 617, 621 (2 Cir. 1948). See 6 Moore's Federal Practice ¶54.62, at 1208–1211 (2d ed. 1953).

to the arbitration award was a pure sham; it neither minimized damages nor complied with the arbitration award.

There being no genuine issue as to any material fact regarding reinstatement or compensation, Brown and the Union are entitled to judgment in accordance with the arbitrator's award that the Company (a) shall offer Brown reinstatement to his former position, and (b) shall pay him an amount equal to the amount he would have earned if he had held such position during the period the discharge was in effect, less any amount he received during that period which he would not have received but for the discharge.

Pursuant to Brown's uncontroverted affidavit sworn to February 10, 1965, submitted in support of the instant motion for summary judgment, there was due and owing from the Company as of December 31, 1964 the following amounts in accordance with the arbitrator's award:

To Theodore Roosevelt
  Brown ................$10,172.50
To State of Connecticut
  (for reimbursement of
  unemployment compensa-
  tion paid to Brown) ....... 2,691.00

The Clerk is directed to enter judgment accordingly, bringing the foregoing figures up to the date of judgment in accordance with the formula set forth in the motion for summary judgment and affidavits in support thereof which are not controverted.[9]

## PLAINTIFFS' MOTION TO STRIKE DEFENSES AND COUNTERCLAIM

■ The Court's ruling on plaintiffs' motion for summary judgment disposes of the issues raised in defendant's second and third defenses and its counterclaim. Indeed these defenses and its counterclaim are incorporated in defendant's answer to paragraph 8 of the complaint wherein defendant alleges that "it has not made payments to plaintiff by reason of the defenses and counterclaim hereinafter alleged as a part hereof." (Answer, paragraph 3). Plaintiffs' motion to strike the second and third defenses and counterclaim, pursuant to Rule 12(f), Fed.R.Civ.P., obviously was intended to test their legal sufficiency; the motion to strike therefor will be treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. West v. Winston, 8 F.R.D. 311, 312 (E. D.Pa.1948). There being no genuine issue relevant to this case as to any material fact regarding the matters raised by the second and third defenses and counterclaim, for the reasons stated above at pages 44–47, plaintiffs' motion for summary judgment as to the second and third defenses and counterclaim is granted.[10]

9. Defendant has offered no facts whatsoever to dispute or controvert the specific, detailed affidavits of Brown setting forth the exact amounts of his earnings while employed by the Company, his earnings while employed by others during the period of his discharge and the unemployment compensation received by him during the period of his discharge—all elements necessary to apply the formula of the arbitrator's award.

Defendant appears to rely upon the allegation of its formal pleading (Answer, paragraph 4) that "Theodore Roosevelt Brown held other employment during the period alleged which is herewith asserted in mitigation of damages, if any" and the conclusory statement in its counsel's brief that "The question of the amount of back wages due the plaintiff remains uncertain and subject to many undetermined facts including interim earnings and unemployment compensation received by the employee." Nothing further has been offered by defendant on this issue.

Plaintiffs have clearly sustained their burden of proof upon the issue of compensation due from the Company. The latter's reliance upon its formal pleading and a conclusory statement in its counsel's brief is wholly insufficient. 6 Moore's Federal Practice ¶56.15 [2] and [3], at 2121–2133 (2d ed. 1953).

10. This disposition of the counterclaim makes unnecessary a ruling on the Court's jurisdiction to entertain it if the complaint were dismissed. Supra note 8. Since the counterclaim for conversion does not arise out of the "transaction or oc-

The Court's disposition of plaintiffs' motions in the instant proceeding to confirm the arbitration award does not preclude the Company, if so advised, from pursuing its claim for alleged conversion of its property in a proper forum and in a proper case; nor does it preclude the Company, if so advised, from further discharging Brown for just cause, if there be any, after he has been reinstated to his former position with back pay in accordance with the arbitration award. This was clearly stated by the Court of Appeals. 314 F.2d 885, 886.

## CONCLUSION

The crux of this Court's holding, implementing that of the Court of Appeals, is that the parties, having agreed to an arbitration of their differences, are bound by the arbitration award made upon the testimony before the arbitrator; that the Company, after unsuccessfully seeking to vacate the award adverse to it, may not, under the guise of defending a subsequent action by Brown and the Union to confirm the award, continue to resist complying with the award by injecting, in the form of defenses and a counterclaim, issues expressly held to be irrelevant in the prior proceeding; and that Brown and the Union are entitled to judgment in accordance with the arbitrator's award forthwith ordering the Company to offer Brown reinstatement to his former position and to pay the compensation due from the Company according to the arbitrator's formula.

Plaintiffs' motion for summary judgment is granted. Plaintiffs' motion to strike the second and third defenses and counterclaim, construed as a motion for summary judgment, is granted. Defendant's motion for leave to amend its answer is denied.

On Motion for Reargument.

Defendant having filed a motion, pursuant to Rules 59(a), 59(e) and 60(b), Fed.R.Civ.P., to reopen, reargue, reconsider and vacate the order of this Court dated July 7, 1965 and the judgment entered thereon July 22, 1965; and

The Court having received and considered the said motion and being of the opinion that the said motion should be denied for the reasons:

(1) Each ground of defendant's motion has been either fully considered in connection with the

---

currence that is the subject matter of the opposing party's claim"—validity of the arbitration award where jurisdiction is founded on a federal question—it is a permissive, not a compulsory, counterclaim. Rule 13(a) and (b), Fed.R.Civ.P. As such, independent jurisdictional grounds would be required to support it. 3 Moore's Federal Practice ¶13.19, at 53–57 (2d ed. 1964). An independent jurisdictional basis for the counterclaim is doubtful at best. Upon the record presently before the Court, there is no diversity jurisdiction even alleged with respect to the counterclaim. If defendant's motion for leave to amend its answer (filed shortly before the hearing on plaintiffs' motion for summary judgment) were granted, there would remain substantial doubt as to the asserted diversity between Brown (a citizen of Connecticut) and the Company (a Delaware corporation); for, although Bridgeport Rolling

Mills Company is described in defendant's proposed amended answer as "a Division of ATCO Chemical-Industrial Products, Inc., a Delaware Corporation" and as "having its principal place of business in a state other than the state of Connecticut," it is most unlikely that Bridgeport Rolling Mills Company could establish, if put to its proof, that it does not have its principal place of business in Connecticut for purposes of the diversity of citizenship requirements of 28 U.S.C. § 1332(a) and (c). See Inland Rubber Corporation v. Triple A Tire Service, Inc., 220 F.Supp. 490 (S.D.N.Y.1963); Metro Industrial Painting Corp. v. Terminal Construction Co., 181 F.Supp. 130, 132–133 (S.D.N.Y.1960), aff'd, 287 F.2d 382 (2 Cir. 1961). In any event, it is not necessary to reach that jurisdictional issue in view of the Court's disposition of the counterclaim on plaintiffs' motion for summary judgment.

Court's Memorandum of Decision of July 7, 1965 or has been fully considered in connection with the motion papers filed by defendant in support of the instant motion;

(2) Each ground of defendant's motion is believed by the Court to be lacking in merit;

(3) In view of the four years which have ensued since the entry of the arbitration award on August 21, 1961 (including two plenary proceedings in the District Court, a trip to the Court of Appeals and a trip to the Supreme Court of the United States), it is believed by the Court that it is time for the curtain to be drawn down on this litigation if the summary remedies provided by the United States Arbitration Act (9 U.S.C. §§ 9–11) are not to be totally emasculated;

(4) The Court further believes that, rather than awaiting the next motion day of this Court nearly two months hence, on September 20, 1965, the time of counsel can more appropriately be devoted to, and the interests of their respective clients can better be served by, expediting the prosecution of defendant's appeal to the Court of Appeals, to the end that the appeal may be argued in that Court on the first day of the fall term—an objective which this Court cannot order but it assumes able and esteemed counsel on both sides will strive diligently to achieve, primarily in discharge of their professional responsibilities as officers of this Court;

it is

Ordered that defendant's motion be, and the same hereby is, denied in all respects.