**LOCAL 1078, INTERNATIONAL UNION UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, Petitioner,**

**v.**

**ANACONDA AMERICAN BRASS COMPANY, Respondent.**

**Civ. No. 11161.**

United States District Court
D. Connecticut.

April 21, 1966.

Peter Marcuse, Waterbury, Conn., for petitioner.

William J. Larkin, 2nd, of Larkin & Pickett, Waterbury, Conn., for respondent.

TIMBERS, Chief Judge.

The company having moved to confirm, pursuant to 9 U.S.C. § 9, and the union having moved to vacate, pursuant to 9 U.S.C. § 10, an arbitration award of September 21, 1965 that the company, under the terms of a collective bargaining agreement entered into between the company and the union on October 18, 1964, had proper cause for discharging three employees (Zarillo, Constantino and Spokas) for falsifying their employment applications by withholding information concerning their prior arrests and convictions for stealing property, the said employees having failed to testify and the union having failed to offer any evidence at the hearing before the arbitrator; and

The union also having moved for judgment on the pleadings and to remand the case to the arbitrator for further proceedings; and

The Court having heard argument of counsel on April 4, 1966 and having received and considered their motions, pleadings, exhibits, affidavits and briefs; and

The Court being of the opinion that the company's motion to confirm should be granted, the union's motion to vacate should be denied and the union's motions for judgment on the pleadings and to remand should be dismissed, for the reasons that

(i) The Court has jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), and pursuant to such jurisdiction may enforce the remedies here invoked under the United States Arbitration Act, 9 U.S.C. §§ 9–11, the Arbitration Act not furnishing an independent basis of federal jurisdiction;

(ii) The arbitration award is directly responsive to and squarely within the issue submitted for arbitration, which in turn is precisely within the scope of subject matter jurisdiction—whether there was proper cause for discharge—agreed upon in Article III and Article IX, Section 4, of the collective bargaining agreement;

(iii) The arbitration award not having been procured by corruption, fraud or undue means, there having been no partiality or corruption on the part of the arbitrator, the arbitrator not having been guilty of misconduct or any behavior by which the rights of any party have been prejudiced, the arbitrator not having exceeded his powers, and the award being a definite, mutual and final award, it is final and binding upon the parties pursuant to Article X, Section 1, of the collective bargaining agreement;

(iv) The careful, well reasoned opinion of the arbitrator, James V. Al-

tieri, Esq., amply demonstrates that he did not exceed his powers in the sense that the award amounted to a "manifest disregard" of the law. Wilko v. Swan, 346 U.S. 427, 436, 74 S.Ct. 182,. 98 L.Ed. 168 (1953); Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp., 274 F.2d 805, 808 (2 Cir. 1960), cert. denied, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960); San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Limited, 293 F.2d 796, 801 (9 Cir. 1961); Metal Products Workers Union, Local 1645, UAW-AFL-CIO v. The Torrington Company, 242 F.Supp. 813, 819 n. 17 (D.Conn.1965), aff'd, 358 F.2d 103 (2 Cir. 1966).

■ (v) The function of the Court in determining whether to vacate an arbitration award is "severely limited" in any case. Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp., supra at 808. And the limitations are certainly no less stringent on court review of an arbitration award dealing with the propriety of a discharge when that issue has been expressly entrusted to arbitration by the terms of a collective bargaining agreement. Bridgeport Rolling Mills Company v. Brown, 314 F.2d 885 (2 Cir. 1963); Brown v. Bridgeport Rolling Mills Company, 245 F.Supp. 41 (D.Conn.1965), appeal withdrawn January 11, 1966; Wilson H. Lee Co. v. New Haven Printing Pressmen Local Union No. 74, 248 F.Supp. 289 (D.Conn.1965); Electric Specialty Co. v. Local 1069, Inter. Bro. of Elec. Wkrs., 222 F.Supp. 314 (D.Conn.1963); cf. Jenkins Bros. v. Local 5623, United Steelworkers of America, 341 F.2d 987 (2 Cir. 1965), cert. denied, 382 U.S. 819, 86 S.Ct. 45, 15 L.Ed.2d 66 (1965).

(vi) Since the crux of the union's complaint here is that "The Union is unhappy with the award because the arbitrator failed to find in its favor. It wants an opportunity to present its case again to another tribunal", Metal Products Workers Union, Local 1645, UAW-AFL-CIO v. The Torrington Company, 358 F.2d 103, 106 (2 Cir. 1966), it may not be inappropriate to suggest that upon the issue here presented—court review of an arbitration award dealing with the propriety of a discharge—counsel "ought not to take the time of busy judges or of opposing parties by advancing an argument so plainly foreclosed by [the] decisions." Toilet Goods Association, Inc. v. Gardner, 360 F.2d 677, 683 n. 6 (2 Cir. 1966); it is therefore

Ordered as follows:

(1) The company's motion to confirm the award is granted.

(2) The union's motion to vacate the award is denied.

(3) The union's motion for judgment on the pleadings is denied.

(4) The union's motion to remand the case to the arbitrator for further proceedings is denied.