791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
VICTOR TATE, Petitioner-Appellee,
v.
FISCHER STEEL CORPORATION, Respondent-Appellant.
 84-5971
 United States Court of Appeals, Sixth Circuit.
 4/29/86
 
 REVERSED AND REMANDED
 W.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 Before: RYAN, Circuit Judge, and CELEBREZZE and BROWN, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Fischer Steel Corporation (Fischer) appeals from the district court's order vacating an arbitrator's decision in its favor. Fischer contends that the district court improperly reviewed the arbitrator's factual finding that Appellee Victor Tate (Tate) was not the most senior employee in his job classification (helper) on layoff status.
 
 
 2
 The facts that precipitated the filing on the grievance, as stated by the arbitrator and not contested by the parties, are as follows:
 
 
 3
 The Grievant was employed by the Company on July 26, 1979. In February 1980 he was seriously injured on the job and was off from work for a period of fifteen months. In April 1982, he was reinstated as a Beam Line Operator until July 9, 1982, when he was laid off. He was offered the opportunity to be recalled a month later, but he asked to be passed over due to his being under a doctor's care. In May 1983 he asked to be recalled--he was not, and it was then that he questioned the fact that other employees, who were classified at higher levels, were doing the work which he felt he should be doing because he had more seniority than any of those who were doing the work.
 
 
 4
 On June 14, 1983, petitioner filed the following grievance with Fischer:
 
 
 5
 Company working employees with less seniority on helpers jobs, while Grievant is laid off.
 
 
 6
 The settlement requested is: Be called to work and paid for all lost time.
 
 
 7
 A hearing was held before the arbitrator on September 27, 1983. The hearing was neither recorded nor transcribed and no record of it exists.
 
 
 8
 On October 6, 1983, the arbitrator issued his decision. The opinion states that, at the hearing, 'oral and written argument and evidence were heard and received.' In summarizing the contentions of the parties, the arbitrator stated that the union contended that '[t]he Grievant was the most senior employee on layoff,' and that the company contended that he was not the most senior helper on layoff. On the seniority issue, the arbitrator found:
 
 
 9
 [ ] Company testimony at the hearing revealed that [Tate] would not have been the proper Helper to have been recalled to work, because there were three other Helpers who were more senior than he was, and the recall would properly have gone to the most senior, available one of them.
 
 
 10
 Although concluding that Fischer had violated the contract, the arbitrator denied the grievance. His award states:
 
 
 11
 The Company did violate the Agreement by working less senior employees from higher job classifications in the Helper classification. The Grievant is not the logical recipient of any remuneration. Other Helpers who were on layoff were more senior than he was. His grievance is, therefore, denied. The Company is directed to adhere to the language of the Agreement to fill future needs of this type and eliminate the reliance on an alleged past practice. It is not a past practice.
 
 
 12
 On February 17, 1984, Tate filed an application in the district court for an order vacating or modifying the arbitrator's award, contending that there was no evidence to support the arbitrator's finding that Tate was not the most senior helper on layoff. In support thereof, Tate submitted the affidavits of the staff representative and the president of the AFL-CIO-CLC local representing Tate. Both affiants stated that they were present at the arbitration hearing in this case, and that there was no evidence presented at the hearing showing that anyone other than Tate was the most senior laid-off employee in the helper classification. Additionally, the staff representative's affidavit stated that both Tate's testimony and documentary evidence presented at the hearing showed that Tate was the most senior laid-off helper.
 
 
 13
 Fischer moved to dismiss the application, or, in the alternative, to have summary judgment granted in its favor. Fischer filed no countervailing affidavits; rather, it contended that the arbitrator's factual finding on the seniority issue was final and dispositive. On May 4, 1984, Tate filed a motion for summary judgment, relying on the previously filed affidavits.
 
 
 14
 On August 20, 1984, the district court granted summary judgment for Tate. Stating that the issue before it was 'whether there was any evidence presented to the arbitrator to support his finding that plaintiff was not the most senior helper on lay-off at the relevant time,' the court stated:
 
 
 15
 Apparently no record of the hearing before the arbitrator exists. Plaintiff has filed two affidavits of individuals present at the hearing. Those affidavits assert that Tate was the most senior employee on layoff, that the arbitrator heard evidence to that effect and that there was no evidence to the contrary. Defendant filed no countervailing affidavits. Instead defendant relies on the arbitrator's decision itself and essentially argues that if the arbitrator says that testimony before him showed that plaintiff was not the most senior helper on lay-off, then the court should infer that the arbitrator in fact did hear evidence to support such a finding.
 
 
 16
 Citing Detroit Coil Co. v. International Ass'n. of Machinists & Aerospace Workers, 594 F.2d 575, 580-581 (6th Cir. 1979), cert. denied, 444 U.S. 840 (1979), the district court stated that 'the court may set aside an arbitration award which lacks any evidentiary support.' The court then stated:
 
 
 17
 On this record the court must conclude that no evidence existed to support the arbitrator's finding that plaintiff was not the most senior helper on lay-off. Defendant has not filed any affidavits or other evidence specifying any evidence which was presented to the arbitrator to support his finding. Defendant may not rely on the decision of the arbitrator under review to create a genuine issue as to whether there was any evidence to support that decision.
 
 
 18
 The district court vacated the arbitrator's award, and remanded the matter to the arbitrator for further proceedings and consideration of the appropriate remedy. Fischer's motion to reconsider was denied, and this appeal followed.
 
 I.
 
 19
 It has long been the law that labor arbitrators' decisions interpreting collective bargaining agreements are subject to very limited judicial review. 'Under the principles enunciated by the Supreme Court in the Steelworkers trilogy [United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); United Steelworkers of America v. American Mfg. Co., 363 U.S. 564 (1960)], arbitration is favored as a means of resolving labor disputes.' Detroit Newspaper Publishers Ass'n. v. Detroit Typographical Union No. 18, Int'l. Typographical Union, 471 F.2d 872, 875 (6th Cir. 1972), cert. denied 411 U.S. 967 (1973). A decision of an arbitrator on the merits of a grievance 'is within the peculiar province of the arbitrator and is to be enforced, regardless of whether [the court] might have interpreted the provisions differently, as long as the decision 'draws its essence' from the collective bargaining agreement.' United Steelworkers of America v. Timken Co., 717 F.2d 1008, 1009 (6th Cir. 1983), citing United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. at 597. Moreover, it is the arbitrator's function, not the court's, to decide issues of fact which go to the merits of a dispute. Detroit News Publishers Ass'n., 471 F.2d at 875; American Radiator & Standard Sanitary Corp. v. Local 7 of the Int'l. Brotherhood of Operative Potters, AFL-CIO, 358 F.2d 455, 458 (6th Cir. 1966).
 
 
 20
 This Court has held, however, that, "if an examination of the record before the arbitrator reveals no support whatever for his determinations, his award must be vacated." Storer Broadcasting v. American Federation of Television & Radio Artists, 600 F.2d 45, 47 (6th Cir. 1979), cert denied 454 U.S. 1099 (1981), quoting Detroit Coil Co. v. Int'1. Ass'n. of Machinists, 594 F.2d 575, 580-81 (6th Cir. 1979), citing NF&M Corp. v. United Steelworkers of America, 524 F.2d 756, 760 (3d Cir. 1975).
 
 
 21
 Storer Broadcasting and Detroit Coil are distinguishable from the case before us. In Storer Broadcasting, the record before the arbitrator revealed 'no testimony or documentary evidence' to support the arbitrator's factual finding, and the arbitrator himself, faced with a request from the district court, could not cite any factual support for his finding. 600 F.2d at 48. Instead, the arbitrator's basis for his finding was that it was 'more logical.' This Court found it apparent that the arbitrator had "dispense[d] his own brand of industrial justice," quoting Enterprise Wheel & Car Corp., 363 U.S. at 597, rather than basing his award on evidence in the record. In Detroit Coil, we held that the arbitrator had rejected the application of a clear and unambiguous provision of the collective bargaining agreement and that 'the record contained no evidence indicating a departure by the parties from the clear intendment of that language.' 594 F.2d at 581. Therefore, we concluded that the award did not 'draw its essence' from the agreement. Id.
 
 
 22
 In this case, the existing record, which is the written opinion and award of the arbitrator, shows very clearly that there was a factual dispute whether Tate was the most senior laid-off helper; that company testimony was heard to the effect that he was not; and that such testimony was the basis for the arbitrator's finding that Tate was not the most senior laid-off employee in his job classification. Unlike Storer Broadcasting and Detroit Coil, the arbitrator in this case did not 'dispense his own brand of industrial justice,' but rather resolved a disputed issue of fact, stating, on the record, the evidentiary basis for his decision.
 
 II.
 
 23
 The submission, in the district court, of affidavits of persons pr sent at the hearing who did not testify before the arbitrator amounted to an attempt to impeach the arbitrator's factual finding with new evidence. Labor arbitrators' awards may not be vacated on the basis of new evidence. Bridgeport Rolling Mills Co. v. Brown, 314 F.2d 885 (2d Cir. 1963), cert. denied 375 U.S. 821 (1963). Since the arbitrator made a specific finding, on the record, that Tate was not the most senior laid-off helper, it was impermissible to attack this factual finding with post-arbitration affidavits.[1]
 
 
 24
 Tate contends that the submission of such post-arbitration affidavits was allowed in two cases from the Southern District of Ohio. Exquisito Services, Inc. v. Restaurant Workers Local, 579 F. Supp. 873 (S.D. Ohio 1984), aff'd without op. 754 F.2d 373 (6th Cir. 1984); Teamsters Local 957 v. R.W.F. Distributing Co., 574 F. Supp. 703 (S.D. Ohio 1983). We note, however, that the district court in neither case vacated the arbitrator's award under Storer and Detroit Coil. In Exquisito Services, no factual finding was challenged. 579 F.Supp. at 876. In Teamsters Local 957, the court held that, although the arbitrator apparently made factual errors, it was not clear that his findings had 'no support whatever' in the record before him. 574 F.Supp. at 707. Moreover, the court held that the challenged factual findings were not the basis of the arbitrator's decision. Id.
 
 
 25
 Contrary to the district court's opinion, Fischer was not required, in these circumstances, to file countervailing affidavits. In light of the specific factual finding of the arbitrator, which is contained in the record, it would have been improper for the district court to weigh anew the matters presented in affidavits and opposing affidavits, de hors the record. Neither Detroit Coil nor Storer Broadcasting require the district court to reconsider evidence on a disputed issue of fact specifically decided by the arbitrator on the basis of testimony presented at the arbitration hearing.
 
 
 26
 Accordingly, the decision of the district court is reversed, and the case remanded with directions to reinstate the arbitrator's award.
 
 
 
 [1]
 We note that these affidavits also contained 'ultimate facts and conclusions of law' which the district court should have disregarded. See A.L. Pickens Co. v. Youngstown Sheet & Tube Co., 650 F.2d 118, 121 (6th Cir. 1981)