# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.03-13-00558-CV

**Marci Lujan, Individually and on Behalf of the Estate of Jamie Lujan, deceased, and as next friend of S. L. and S. L., minors, Appellant**

**v.**

**Texas Bell Jeb Apartments LLC; Emerald Garden Apartments; DTI Investments, Inc.; Bell Jeb Apartments LLC d/b/a Emerald Garden Apartments; Party d/b/a Emerald Garden Apartments, and Debra Wacasey, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT NO. 245,138 C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order of the district court of Bell County denying a motion to vacate an arbitration award in a wrongful-death case. We will treat the court's order as a judgment confirming the arbitration award, and will affirm the judgment.[1]

---

[1] An order denying a motion to vacate an arbitration award is, in effect, an order confirming the award. *American Postal Workers Union, AFL-CIO v. United States Postal Serv*., No. 3:09-CV-1084-B, 2010 WL 1962676, at *4 (N.D. Tex. May 14, 2010) (citing *General Elec. Co. v. Anson Stamping Co.*, 426 F. Supp. 2d 579, 591(W.D. Ky. 2006) (finding that a motion to dismiss is the "practical equivalent" of a motion to confirm and treating it as such); *Brown v. Bridgeport Rolling Mills Co.*, 245 F. Supp. 41, 45 (D. Conn. 1965) (finding that judgment denying motion to vacate "was in effect a judgment confirming the award")).

In August 2008 appellee Emerald Garden hired Jamie Lujan to manage its Temple apartments. Upon employment, he signed a "Mutual Agreement to Arbitrate." Among other things, that agreement provided that arbitration was mandatory for covered claims.

On August 28, 2008, Jamie Lujan was shot several times while opening the apartment leasing office. He died several days later. Jamie Lujan's widow, appellant Marci Lujan (hereinafter Lujan), did not commence arbitration of her claim against Emerald Garden pursuant to the agreement to arbitrate. Instead, on August 27, 2010, one day before the expiration of the two-year statute of limitations, she filed suit against Emerald Garden in district court asserting negligence, premises liability and gross negligence.[2] On the same day Lujan requested service of citation upon Emerald Garden and obtained service in five or six days.

Emerald Garden answered the suit subject to its motion to compel arbitration. On July 15, 2011, the district court, upon agreement of the parties, ordered that Lujan's claims be referred to arbitration and that the lawsuit be abated. On March 22, 2012, about eight months after the district court ordered the matter to arbitration, Lujan initiated arbitration proceedings by filing her demand.

Emerald Garden then moved for summary judgment in the arbitration proceeding asserting that Lujan's claims were barred by the two-year statute of limitations. The arbitrator agreed and entered an award granting summary judgment. The arbitrator concluded that by waiting eight months to commence arbitration, Lujan failed to exercise due diligence so as to toll the running

---

[2] Other appellees are: Texas Bell Jeb Apartments LLC; Emerald Garden Apartments; DTI Investments, Inc.; Bell Jeb Apartments LLC d/b/a Emerald Garden Apartments; Party d/b/a Emerald Garden Apartments, and Debra Wacasey.

of limitations. In applying the "due diligence" standard, the arbitrator relied upon the rule in cases concerning the tolling of limitations where a lawsuit is filed before limitation has run but process is not served until after limitation has run. In such cases, merely filing suit does not toll limitations; to toll the statute, diligence in processing issuance and service of citation is required. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)); *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970).

By her first issue Lujan claims that in granting summary judgment based upon limitations, the arbitrator exceeded the authority conferred by the arbitration agreement. This is so, she insists, because she timely filed suit in district court and timely obtained service, thereby tolling limitations. Since the statute was tolled, her argument continues, the arbitrator was not empowered to conclude that her claim was barred by her failure to diligently initiate arbitration. Lujan's issue is without merit.

The parties' arbitration agreement provides that "All parties are entitled to file any motions, including dispositive motions, set forth in the Texas Rules of Procedure." It further provides that "All parties are entitled to allege any claim, obtain any remedy and assert any legal or equitable defense that the party could allege, obtain, or assert in a Texas state or federal court."

Texas substantive law has long favored arbitration. *See Brazoria Cnty. v. Knutson*, 176 S.W.2d 740, 743 (Tex. 1943). Judicial review of an arbitration award is exceedingly deferential, *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004), and is "extraordinarily narrow," *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002), *opinion modified on reh'g* (July 9, 2002). A reviewing court examining whether an arbitrator exceeded his powers must resolve

3

all doubts in favor of arbitration. *Id.* at 672. An arbitration award may not be vacated for errors in interpretation or application of the law. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 830 (Tex. App.—Dallas 2009, no pet.). A complaint that the arbitrator decided the issue incorrectly or made a mistake of law is not a complaint that the arbitrator exceeded his powers. *Id.*

We are satisfied that the arbitration agreement authorized the arbitrator to entertain the summary judgment and to consider the limitation defense. The arbitration agreement, quoted above, plainly confers upon the parties the right to file dispositive motions and to assert any claim, obtain any remedy, and to assert any legal or equitable defense that they could allege, obtain or assert in a Texas court. The statute of limitation is such a defense and a summary-judgment motion is one seeking such a remedy. Although Lujan's argument is stated in terms of whether the arbitrator exceeded his authority or powers, her complaint is no more than that he erred in entertaining the motion for summary judgment and in concluding that she had a duty to diligently initiate arbitration. A complaint that the arbitrator made a mistake of law is not one that the arbitrator exceeded his power or authority. *Id.*

By her final argument, Lujan claims that section 5 of the Federal Arbitration Act supports her claim that the arbitrator did not have the power to determine the summary judgment based on limitations.

Section 5 provides:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall

fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C. § 5.

Lujan did not make the section 5 argument during the arbitration. *See* Tex. R. App. P. 33.1(a)(1); *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 (Tex. 2011) (party challenging arbitration award must have properly preserved its complaint just as if award were a trial court's judgment on appeal). In any event, section 5 is irrelevant here. Section 5 is concerned with the appointment or selection of an arbitrator. *See In re Service Corp., Int'l*, 355 S.W.3d 655, 658–59 (Tex. 2011); *In re Louisiana Pac. Corp.*, 972 S.W.2d 63, 64 (Tex. 1998). In this case, there was no issue with arbitrator selection; rather, the problem had to do with Lujan's failure to timely commence the arbitration process.

The judgment is affirmed.

_____
Bob E. Shannon, Justice

Before Justices Pemberton, Bourland, and Shannon*

Affirmed

Filed:   June 30, 2015

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

5