22-2748-cv
*Halperin Revocable Living Trust v. Schwab, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-three.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges*.

_____

Evan K. Halperin Revocable Living Trust,

> *Petitioner-Appellant*,

> v.                                                                    22-2748-cv

Charles Schwab & Co. Inc.,

> *Respondent-Appellee*.

_____

FOR PETITIONER-APPELLANT:       BARRY A. FURMAN, Fineman, Krekstein & Harris, P.C., Philadelphia, PA

FOR RESPONDENT-APPELLEE:       ANDREW J. MELNICK (Barry S. Gold, *on the brief*), Davis Wright Tremaine LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Evan K. Halperin Revocable Living Trust (the "Trust") appeals from the district court's judgment, entered on September 20, 2022, denying the Trust's petition to vacate an arbitration award (the "Award") issued by an arbitration panel (the "Panel") of the Financial Industry Regulatory Authority ("FINRA") Office of Dispute Resolution, and granting the cross-petition of Respondent-Appellee Charles Schwab & Co. Inc. ("Schwab") to confirm the Award in the amount of $164,123.64. *See Evan K. Halperin Revocable Living Tr. v. Charles Schwab & Co.*, No. 21-CV-8098 (PKC), 2022 WL 4334655, at *9 (S.D.N.Y. Sept. 19, 2022). In the arbitration, the Trust asserted various causes of action arising out of allegations that interruptions on Schwab's online trading platform resulted in investment losses of approximately $1.5 million to the Trust. On August 30, 2021, FINRA served the parties with the Award, in which the Panel unanimously denied the Trust's claims in their entirety and ordered the Trust to pay Schwab the sum of $100,000.00 in attorneys' fees and $42,750.22 in costs, as well as hearing session fees.

On appeal, the Trust asserts that the district court was required to vacate the Award because, by not compelling Schwab to produce certain discovery in the arbitration proceeding, "the Panel refused to hear evidence pertinent and material to the controversy" and "thereby rendered the proceedings fundamentally unfair to the Trust" under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(3). Appellant's Br. at 21. We assume the parties' familiarity with the

underlying facts, the procedural history, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

"'We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error.'" *Olin Holdings Ltd. v. State*, 73 F.4th 92, 108 (2d Cir. 2023) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003)). "This Court has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007) (citation omitted). "A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by" the FAA. *Duferco,* 333 F.3d at 388; *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103–104 (2d Cir. 2013) ("[T]he burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as there is a barely colorable justification for the outcome reached." (internal quotation marks and citations omitted)).

As relevant to the Trust's challenge on appeal, the FAA permits courts to vacate an arbitration award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy . . . by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3).[1] With respect to such challenges to the award, we have emphasized that "[i]n making evidentiary determinations, an arbitrator need not follow all the niceties observed by the federal courts." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d

---

[1] Although the Trust also sought vacatur in the district court under 9 U.S.C. § 10(a)(2) for alleged partiality by the arbitrators, the Trust does not challenge on appeal the district court's rejection of that argument; thus, that argument has been abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (citing Fed. R. App. P. 28(a)(6)).

Cir. 1997) (internal quotation marks and citation omitted). Therefore, "except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review." *Id.*; *see Oldcastle Precast, Inc. v. Liberty Mut. Ins. Co.*, 838 F. App'x 649, 651 (2d Cir. 2021) (summary order) ("The arbitrator was entitled to weigh the evidence in making his factual findings, and it is well-settled that a federal court may not conduct a reassessment of the evidentiary record." (internal quotation marks and citation omitted)).

Here, the Trust has failed to demonstrate that the Panel's decisions with respect to discovery rendered the arbitration proceeding fundamentally unfair.[2]  To the contrary, after considering numerous discovery motions by the Trust to compel discovery (including hearing oral argument on some of these motions), the Panel directed Schwab to produce certain data and documents requested by the Trust.  In total, Schwab produced over 5,500 documents to the Trust across 14 different document productions.  The Panel also conducted an in-person arbitration hearing over five days, during which the Trust called three witnesses and presented evidence and arguments in support of its claim that the alleged interruptions on the Schwab internet platform caused its losses.

Although the Trust argues that the arbitration proceeding was fundamentally unfair because of the Panel's refusal to order Schwab to produce electronically stored information ("ESI")

---

[2]  Schwab contends that the Trust was required to demonstrate by clear and convincing evidence that the arbitration proceeding was fundamentally unfair under Section 10(a)(3).  The Trust counters that, although we have applied that heightened standard to cases involving allegations of fraud or impartiality under Sections 10(a)(1) and (a)(2), respectively, the "clear and convincing" standard is not the proper burden of proof for its claim under Section 10(a)(3).  In making this argument, however, the Trust concedes that, even without a heightened evidentiary standard for claims under Section 10(a)(3), it must meet the "heavy burden . . . [of] prov[ing] the arbitrators engaged in conduct that deprived it of a fundamentally fair hearing." Appellant's Reply at 9 (internal quotation marks and citation omitted).  We need not address this issue here because, even assuming *arguendo* that the "clear and convincing" standard does not apply to the Trust's claim under Section 10(a)(3), we conclude that the Trust has failed to meet its heavy burden of demonstrating that the arbitration proceeding was fundamentally unfair.

pertaining to security systems that monitor and affect user sessions after login, we find that argument unpersuasive. The Panel required Schwab to produce a declaration "affirming that fraud parameter reports related to activity within a session do not exist." App'x at 1114. Schwab produced the Declaration of Kostas Konstantinides, Schwab's Director of Client Authorization, explaining that Schwab does not maintain certain reports for post log-in activities of users on the internet platform. The Trust then had a full and fair opportunity to be heard on the specific issue of whether the Panel should accept that declaration as compliant with the Panel's order. For example, Kevin Baker, the Trust's digital forensics expert, submitted a declaration opining that Schwab's contention that it does not maintain a fraud detection system that records user activity after login was "inconceivable." *Id.* at 1128. The Panel, after considering the evidence, rejected the Trust's argument and held that Schwab complied with the Panel's prior discovery order. Baker also testified at the arbitration hearing about the allegedly missing data. As the district court correctly noted in its thorough and well-reasoned decision, "[t]he Trust could have called Konstantinides as a witness at the Arbitration hearing to examine him on his knowledge of a so-called 'fraud detection system' and the existence of any In-Session Activity ESI, but failed to do so." *Evan K. Halperin Revocable Living Trust*, 2022 WL 4334655, at *7. Thus, the discovery process and the hearing itself were more than sufficient to give the Trust "an adequate opportunity to present its evidence and argument." *Tempo Shain,* 120 F.3d at 20 (internal quotation marks omitted).

In sum, in light of the "great deference" accorded to arbitrators "in their evidentiary determinations," we conclude that the arbitration proceeding was not fundamentally unfair.[3] *Kolel*

---

[3] On October 6, 2023, while this appeal was pending, the Trust moved this Court to take judicial notice of five additional documents that were not presented to the Panel or the district court, but which the Trust contends provide "reasonable inferences" that Schwab maintains a fraud detection system that generates ESI that was not produced in discovery in the arbitration proceeding. Appellant's Motion Reply at 1.

5

*Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 107. Accordingly, the district court properly denied the Trust's petition to vacate and granted Schwab's cross-petition to confirm the award.

<p style="text-align:center">*    *    *</p>

We have considered the Trust's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

---

Because this evidence was not presented to the Panel, it is irrelevant to the sole issue on this appeal—namely, whether the arbitrators were guilty of misconduct in refusing to hear evidence pertinent and material to the claims under Section 10(a)(3). *See generally Bridgeport Rolling Mills Co. v. Brown*, 314 F.2d 885, 885–86 (2d Cir. 1963) (per curiam) (holding that "newly discovered evidence" submitted on appeal supporting appellant's position was "irrelevant" to whether "the arbitrator's award, when made, was procured by fraud"). In other words, the Panel cannot be guilty of misconduct in refusing to hear certain evidence when such evidence was not presented to it. In any event, nothing in those documents demonstrates that the arbitration proceeding was fundamentally unfair. Therefore, the motion is denied.