PAUL ALLISON, INC., Plaintiff,

v.

MINIKIN STORAGE OF OMAHA, INC., Defendant and Third-Party Plaintiff,

v.

The TRAVELERS INDEMNITY COMPANY, Third-Party Defendant.

Civ. No. 77–0–204.

United States District Court,
D. Nebraska.

June 28, 1978.

Theodore J. Stouffer, Omaha, Neb., for plaintiff.

Gordon R. Hauptman, Omaha, Neb., for defendant, Minikin Storage.

### MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter is before the Court upon the plaintiff's motion for summary judgment [Filing # 4] and the defendant's motion to dismiss [Filing # 7]. As the motion to dismiss goes to the subject matter jurisdiction of this Court, it will be discussed first.

*Motion to Dismiss*

Paul Allison, Inc. and the Minikin Storage Corporation entered into a construction contract calling for the erection of warehouse facilities in Nebraska. A dispute arose, and the matter was submitted to arbitration in accordance with the contract. An award of $20,607.30 was entered for the plaintiff on September 16, 1975, in the state of Nebraska, a location not specifically designated as an arbitration site in the contract. Minikin Storage subsequently refused to pay the award, and Allison filed a petition in an Oklahoma state court to collect damages arising from the defendant's alleged breach of contract. This petition, which was filed on January 8, 1976, made no reference to the arbitration proceedings.

Minikin Storage, a Nebraska corporation, then filed a petition for removal of the litigation to federal district court in Oklahoma. Subsequent to removal, the Travelers

Indemnity Company, a third-party defendant, raised the arbitration proceedings in its answer. Allison thereupon amended its complaint and stated that it would withdraw its claim for contractual damages if the award of arbitration was adjudged binding on both parties.

After argument on the law and the facts, a federal district court judge in Oklahoma granted the defendant's motion for a change of venue. The order authorizing the transfer of this case to the district of Nebraska was executed on June 30, 1977. *Paul Allison, Inc. v. Minikin Storage of Omaha, Inc.,* 436 F.Supp. 444 (W.D.Okl. 1977).

Minikin Storage now argues that this Court has no subject matter jurisdiction to hear the merits of the arbitration claim. Alleging that 9 U.S.C.A. § 9 (1970) requires the confirmation of an arbitration award in a federal court within the district where the award was made, the defendant maintains that the federal court in Oklahoma had no power to confirm a sum awarded by arbitrators sitting in Nebraska. Since the Oklahoma court had no subject matter jurisdiction, Minikin reasons that it had no power to transfer this case under 28 U.S. C.A. § 1404(a) (1976), a venue statute. The defendant urges that the one year limitation on the enforcement of arbitration awards within 9 U.S.C.A. § 9 is mandatory, and precludes an independent application for an order confirming the award in this district at this late date.

■ It seems fairly clear from the applicable precedents that the Arbitration Act does not grant jurisdiction to federal courts over and above other bases of jurisdiction. *See, e. g., Robert Lawrence Co. v. Devonshire Fabrics, Inc.,* 271 F.2d 402, 408 (2d Cir. 1959), *cert. dismissed* 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960). Normal jurisdictional prerequisites, satisfied here by the existence of diversity of citizenship between an Oklahoma plaintiff and a Nebraska defendant, must be fulfilled before a federal court has the power to hear a petition to enforce an arbitration award.

■ The question that must be answered in this litigation is the opposite of that confronted by the Second Circuit in the *Robert Lawrence Co.* case. The Court must consider whether Congress has limited the jurisdiction of federal courts in arbitration award affirmance cases to the district in which the award was granted. Some courts have so held. *See, e. g., Arthur Imerman Undergarment Co. v. Local 162, International Ladies' Garment Workers' Union,* 145 F.Supp. 14, 17 (D.N.J.1956).

While Congress has the power to restrict the jurisdiction of federal courts in the manner suggested by the defendant, the statute seems to suggest that the power has not been explicitly executed. The law in question provides as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C.A. § 9 (1970).

Ordinary canons of statutory construction suggest that Congress would have used stronger language than "such application may be made" or "may apply" if the intention was to restrict the power of a federal court in Arbitration Act cases.

Interpretation of the federal statute as being a permissible rather than a mandatory method for the enforcement of arbitration awards is even more plausible in light of various federal decisions holding that passage of the Arbitration Act did not supersede common law enforcement of such awards. *Kentucky River Mills v. Jackson,* 206 F.2d 111, 120 (6th Cir. 1953), *cert. denied* 346 U.S. 887, 74 S.Ct. 144, 98 L.Ed. 392 (1953); *Brown v. Bridgeport Rolling Mills Co.,* 245 F.Supp. 41, 45 n. 7 (D.Conn.1965).

No jurisdictional restrictions under Title 9 apply to such a method of enforcement. Therefore, the Court concludes that the federal district court in Oklahoma had subject matter jurisdiction over this case, and was empowered to transfer the matter to this Court under § 1404(a) of Title 28.

█ Even if this Court were to rule that the Oklahoma tribunal had no subject matter jurisdiction over the affirmation of the award, the case law indicates that the "one year" provision of § 9 of the Arbitration Act is not tantamount to a statute of limitations. *See Kentucky River Mills*, 206 F.2d at 120; *Brown*, 245 F.Supp. at 45 n. 7. Nothing before the Court indicates that the plaintiff would be precluded from filing a petition to affirm the award in this district tomorrow if the motion to dismiss would be granted today. Since the matter is before the Court on the merits at the present time, it would be impractical and inefficient to require the parties to engage in an additional circuitous procedure to satisfy a jurisdictional technicality.

*Summary Judgment*

█ The plaintiff raises a number of separate issues in its motion for summary judgment for the amount of the arbitration award. The initial ground advanced on this motion is that the amount of the award cannot be contested due to the failure of the defendant to object to alleged irregularities in the arbitration process within three months of the award as required by 9 U.S.C.A. § 12 (1970). While this argument initially appears to have merit, courts that have considered the question have allowed the defenses listed in § 10 and § 11 of the Arbitration Act to be asserted in response to an application to confirm an award under § 9 without regard to the three month time limitation. *See, e. g., The Hartbridge*, 57 F.2d 672, 673 (2d Cir. 1932), *cert. denied sub nom. Munson Steamship Line v. North of England Steamship Co.*, 288 U.S. 601, 53 S.Ct. 320, 77 L.Ed. 977 (1933); *Riko Enterprises, Inc. v. Seattle Supersonics Corp.*, 357 F.Supp. 521, 523 (S.D.N.Y.1973). The Court holds that the time stricture within § 12 is inapplicable when the party who prevails at arbitration moves to confirm the award and the defendant desires to raise objections in response to that motion.

This holding is sufficient to dispose of the plaintiff's contention that the award and the procedures underlying it are unassailable due to the passage of the three month period. The defendant has raised a number of questions as to the regularity of the Nebraska arbitration proceedings. These procedural and substantive defects may amount to defenses under § 10 or § 11 of the Arbitration Act. In the absence of affidavits or other substantive evidence demonstrating that no question of fact exists as to these alleged irregularities, the granting of the plaintiff's summary judgment motion is inappropriate at this time.

In light of this conclusion, the Court does not consider it necessary to address Minikin Storage's other defenses to the summary judgment motion.

IT IS HEREBY ORDERED that the plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss is denied.