**AMALGAMATED CLOTHING AND TEXTILE WORKERS UNION, AFL–CIO, CLC, Plaintiff,**

**v.**

**FEDERATION OF UNION REPRESENTATIVES, Defendant.**

Civ. A. No. A:86–1304.

United States District Court, S.D. West Virginia, Parkersburg Division.

July 20, 1987.

Fred L. Davis, Jr., Davis, Bailey, Pfalzgraf & Hall, Parkersburg, W.Va., Peter Shatzkin, Szold & Brandwen, Arthur M. Goldberg, New York City, for plaintiff.

Daniel A. Ruley, Jr., Ruley & Everett, Parkersburg, W.Va., for defendant.

MEMORANDUM OPINION
AND ORDER

HADEN, Chief Judge.

Pending is the motion of the Defendant to dismiss or, in the alternative, to transfer. The parties have briefed their respective positions and the Court now deems the matter mature for decision. The Defendant appears to have abandoned its initial argument that this Court does not have jurisdiction to decide the case. It based its argument on provisions of the Federal Arbitration Act. The pertinent portions of the Act provide as follows:

"If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States Court in and for the district within which such award was made...."

9 U.S.C. § 9.

"In either of the following cases the United States Court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration...."

9 U.S.C. § 10. Ignoring the permissive nature of the language employed, the Defendant argued that jurisdiction was exclusively vested in the district in which the arbitration was conducted. This Court joins other courts in holding that the language of the Federal Arbitration Act is permissive rather than exclusive. *Motion Picture Laboratory Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16 (2d Cir.1986); *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698 (2d Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986).

The Court deems the question before the Court to be one of venue rather than jurisdiction. The Defendant makes its motion to transfer on the basis of 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). It is clear, however, that 28 U.S.C. § 1406(a) is inapplicable. That section applies only to transfers from districts where venue is not properly laid. Section 301(c) of the Labor Management Relations Act, 29 U.S.C. § 185(c), provides that suits for violation of labor contracts may be brought "(1) in the district in which such organization main-

tains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members." * The Fourth Circuit has implicitly held that section 301 applies to actions to vacate labor arbitration awards. *International Chemical Workers Union, Local No. 566 v. Mobay Chemical Corp.*, 755 F.2d 1107 (4th Cir. 1985).

█ Hence, the question is one of convenience. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although the question is a close one, the Court is convinced that the action should be transferred to the Southern District of New York. The Defendant puts forth several arguments as to why the action should be transferred to the Southern District of New York. It points out that the arbitration was held and the award made in New York City. The parties earlier agreed, contends the Defendant, that New York City was a convenient forum when they scheduled the arbitration there. It also refers to the fact that its New York counsel, the general counsel for the Plaintiff and the arbitrator are all located in New York. Finally, it submits that this district has no connection to the operative facts of this case.

The Plaintiff counters with its own arguments. It points out that the Defendant's constitution and bylaws establish Parkersburg as its headquarters. Also, the Defendant's president, Harold Bock, lived in Parkersburg at the time of suit. This latter fact is ostensibly the reason why the Plaintiff brought the action in this district. It claims that it did so because it could easily effectuate service upon the Defendant.

In regard to the convenience of the witnesses and parties—a critical consideration—the Plaintiff makes two points: First, it contends that a decision on the merits in this action would not necessitate an oral

---

* Arguably, the labor unions here fall within both categories.

hearing. In all probability, contends the Plaintiff, this case will be decided on cross-motions for summary judgment. Second, the Plaintiff points out that if witnesses are to be called, three potential witnesses reside not in New York but in St. Louis.

The Court notes first that it usually gives deference to the Plaintiff's choice of its forum. "However, that choice should be accorded less weight to the degree that the case's operative facts have little or no connection with the transferor forum." *Anchor Savings Bank v. Transamerica Insurance Co.*, 634 F.Supp. 398, 399 (S.D. N.Y.1986). The operative facts of this case have nothing to do with this district. The underlying dispute occurred in or about St. Louis, Missouri; the arbitration award complained of was rendered in New York City. The only reason why this action has been initiated in this district is because the Defendant's president resides here. The Court accepts the Plaintiff's representation that it initiated the action here on the good faith belief that service would be easier. Nevertheless, service having been completed, the Court holds that the action should be transferred to a district more convenient for all.

The Court concedes that this action may ultimately be resolved by a dispositive motion. Many actions are so resolved. At this stage, however, it is speculation to assume such. See *Mobile Video Services v. National Association of Broadcast and Technicians*, 574 F.Supp. 668 (S.D.N.Y. 1983) (rejecting argument that no oral hearing would be necessary). In any event, the maintenance of this action outside of New York City is not without additional expense to the parties notwithstanding the possibility of summary disposition. For instance, local counsel are necessary to prosecute the action up to the point of disposition. *Dworkin v. Hustler Magazine, Inc.*, 647 F.Supp. 1278 (D.Wy.1986).

The Court is also unpersuaded that this forum would be more convenient for perspective witnesses from the St. Louis area. Common sense and experience tells the Court that flights between St. Louis and New York City are more easily arranged than ones between St. Louis and Parkersburg. With the exception of three witnesses from St. Louis, everyone else associated with this litigation appears to be located in New York City. The Defendant's president, Harold Bock, does reside in Parkersburg. He did not testify at the arbitration hearing, however, and would not be called as a witness in this case. Finally, when it comes to the convenience of the parties and witnesses, the Court is guided by the undisputed fact that when the parties were left to their own devices they selected New York City as the most convenient forum. *Heyco, Inc. v. Heyman*, 636 F.Supp. (S.D. N.Y.1986).

For the foregoing reasons, the Court grants the Defendant's motion, ORDERS this action transferred to the Southern District of New York and directs the Clerk to perform the necessary procedures.