**SVERDRUP CORPORATION, Plaintiff,**

v.

**WHC CONSTRUCTORS, INC., and Century III, Inc., Defendants.**

**Civ. A. No. 4:88–3304–19.**

United States District Court,
D. South Carolina,
Florence Division.

March 17, 1992.

John U. Bell, III, Columbia, S.C., Jerry J. Ronecker, Matthew Menhini, St. Louis, Mo., for plaintiff.

Paul A. Dominick, Daniel T. Brailsford, E. Meredith Manning, Columbia, S.C., Herman Fussell, Nicholas J. Patliacos, Ira J.

Smotherman, Jr., Atlanta, Ga., for WHC Constructors.

Thomas H. Coker, Jr., Greenville, S.C., for Century III, Inc.

## MEMORANDUM OPINION AND ORDER

SHEDD, District Judge.

This matter is before the Court on Motion Of Plaintiff Sverdrup Corporation For Entry Of Arbitration Award As A Final Judgment And Rule 54(b) Certification Of Judgment As Final Judgment. Defendant WHC Constructors, Inc. ("WHC"), opposes plaintiff's motion arguing that the motion is untimely because it was filed more than one year after entry of the arbitration award.[1] After carefully reviewing the record and the controlling legal authorities, the Court finds that the motion is untimely and should be denied. The Court also finds that Counts I–VII of the complaint should be dismissed with prejudice due to the completion of arbitration on those issues.

## I

The relevant facts are not in dispute. Plaintiff and WHC are parties to a subcontract agreement ("the Subcontract") entered into on or about November 4, 1987. The Subcontract provided for WHC to do certain PVC System work on a project for which plaintiff contracted with Sonoco Products Company ("Sonoco") in Hartsville, South Carolina. The Subcontract contains the following arbitration clause:

1. All claims that cannot be resolved between the parties shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

The Subcontract also contains a procedure for implementing the arbitration process and other provisions relating to arbitration which are not relevant to the disposition of this case.

Following WHC's work on the Sonoco project, leaks developed in the PVC System. Plaintiff contacted WHC, which had already left the job site, about the leaks. WHC agreed with plaintiff that Century III, another contractor on site, could perform the repair work. After Century III had made the repairs, part of the PVC System exploded, causing a failure of the system. Plaintiff called upon WHC and Century III to replace the PVC System; WHC and Century III refused. Pursuant to its contract with Sonoco, plaintiff then replaced the PVC System.

On December 14, 1988, plaintiff instituted this diversity action alleging eight causes of action against defendants: breach of contract, breach of express warranty, breach of implied warranty, indemnity, common law indemnity, negligence, breach of oral contract (against Century III only), and indemnity (against WHC only).[2] On May 26, 1989, WHC filed a motion to compel arbitration and to stay the action pending arbitration. In its memorandum in support of the motion, WHC argued that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, required arbitration of the dispute. On July 20, 1989, the parties executed an agreement to submit their disputes to arbitration. The arbitration agreement ("the Agreement") provides:

[T]he award rendered by the arbitrators will be final and judgment may be entered upon it in any court having jurisdiction thereof and will not be made subject to modification or appeal except to the extent permitted by Sections 10 and 11 of the Federal Arbitration Act....

On October 4, 1989, the Court, through former Magistrate Judge (now District Judge) Henry M. Herlong, Jr., to whom the case had been assigned, entered a Consent

---

1. Defendant Century III, Inc. ("Century III"), does not contest plaintiff's motion.

2. Counts I–VII involve a dispute over a cooling water system. Count VIII involves a dispute over a temperature control system.

Order For Stay Pending Arbitration, which was signed by counsel for all parties. This Order provides that "all further proceedings in this case, except for motions and objections relating to discovery, are stayed pending entry of the arbitration award or further order of this court." Thereafter, the parties submitted their dispute concerning the cooling water system to an American Arbitration Association Construction Industry Arbitration Tribunal ("the Tribunal"). On August 31, 1990, the Tribunal issued an award ("the Award") in favor of plaintiff against WHC in the amount of $419,456.07. The arbitration proceeding conclusively resolved the cooling water system dispute. On October 8, 1991, plaintiff filed this motion for entry and certification of the Award as a final judgment.[3] The issue relating to the temperature control system has not been submitted to arbitration or otherwise resolved.

WHC does not seek to vacate, modify, or otherwise challenge the validity of the Award. Instead, WHC argues that the Award is not enforceable as a final judgment because it is not self-executing as a judgment and plaintiff is now precluded from obtaining judgment on the Award due to its failure to have the Award confirmed within the applicable limitations period. In making this argument, WHC maintains that the appropriate limitations period is set forth in either Section 9 of the FAA, 9 U.S.C. § 9 (one year),[4] or S.C.Code Ann. § 15–3–530 (three years), and that plaintiff's motion to confirm is untimely under both statutes. Plaintiff argues in support of its motion that the one-year provision in Section 9 is not a statute of limitations and that its motion is timely under Section 15–3–530 since this *lawsuit* (not motion) was filed within three years of the accrual of the underlying causes of action.

## II

An arbitration award is not self executing as a judgment but, instead, must be enforced by a court. *Sentry Life Ins. Co. v. Borad*, 759 F.2d 695, 698 (9th Cir. 1985); *Tamari v. Conrad*, 552 F.2d 778, 781 (7th Cir.1977). Congress has created a mechanism for enforcement of arbitration awards in Section 9 of the FAA, which provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an award unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States District Court in and for the district within such award was made.

9 U.S.C. § 9. A confirmation proceeding under Section 9 of the FAA is intended to be summary: generally, confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the FAA. *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.1986). The main issue before the Court is whether confirmation under Section 9 may be denied based on a party's failure to seek confirmation within one year from the date the arbitration award is made. The resolution of this issue depends upon whether the one-year provision of Section 9 is a statute of limitations. For the reasons stated below, the Court finds that the one-year period set

---

**3.** Although plaintiff designated its motion as one for entry and certification of judgment under Rule 54, the Court shall treat the motion as one for confirmation of the Award under Section 9 of the FAA. *See Maidman v. O'Brien*, 473 F.Supp. 25, 27 (S.D.N.Y.1979) (treating motion to dismiss as motion to confirm).

**4.** In its brief, WHC actually concedes that the one-year period in Section 9 is not itself a limi-

tations period. WHC argues, however, that because there is no appropriate state limitations period which could be applied, the Court should apply the one-year period established in Section 9. At oral argument, WHC argued that the one-year provision is in fact a limitations period which may be applied without first resorting to state law.

forth in Section 9 is a statute of limitations and that it bars plaintiff from now seeking summary confirmation of the Award.

### A.

Initially, the Court notes that the case law on this point is scant. The parties have not cited, and the Court has not uncovered, any cases in which the Supreme Court or the Fourth Circuit have held that the one-year provision in Section 9 is or is not a limitations period. Likewise, the Court is not aware of any decisions from either of those two courts in which they have refused to confirm an arbitration award under Section 9 based on a statute of limitations. Plaintiff has cited three cases from other jurisdictions in which courts have recognized that the one-year period in Section 9 is not a limitations period. *See Kentucky River Mills v. Jackson,* 206 F.2d 111, 120 (6th Cir.), *cert. denied,* 346 U.S. 887, 74 S.Ct. 144, 98 L.Ed. 392 (1953) ("The language of [Section 9] ... is not mandatory, but permissive ... Enforcement of the award in this case is not barred by the one-year limitation contained in Section 9 of the Act, which provides for the summary remedy of confirmation of the award by the court"): *Brown v. Bridgeport Rolling Mills Co.,* 245 F.Supp. 41, 45 n. 7 (D.Conn. 1965) (citing *Kentucky River Mills,* the court stated in dictum "the summary remedy of confirmation of an award provided by Section 9 has been held not barred by the one-year limitation contained therein which is not mandatory, but permissive"); *Paul*

*Allison, Inc. v. Minikin Storage of Omaha, Inc.,* 452 F.Supp. 573, 575 (D.Neb.1978) (citing *Kentucky River Mills* and *Brown,* the court stated that "the case law indicates that the 'one year' provision of § 9 of the Arbitration Act is not tantamount to a statute of limitations").[5]

The Court is convinced that the decisions in *Kentucky River Mills, Brown,* and *Paul Allison, Inc.* are based on an incorrect interpretation of Section 9. Therefore, the Court declines to follow those cases. The plain language of Section 9 reads "at any time *within one year after the award is made,* any party to the arbitration may apply to the court so specified for an order confirming the award: ..." (emphasis added).[6] Each of the cases cited by plaintiff is premised on the foundation that this language is permissive rather than mandatory.[7] Such a reading is based on the fact that Section 9 provides that any party to the arbitration "may" apply to the court for confirmation. The term "may" in a statute is generally construed as being permissive rather than mandatory. *United Hosp. Ctr., Inc. v. Richardson,* 757 F.2d 1445, 1453 (4th Cir.1985). This principle of statutory construction is not, however, invariable; instead, it may be overcome by legislative intent to the contrary or by obvious inferences from the purpose and structure of the statute. *United States v. Rodgers,* 461 U.S. 677, 706, 103 S.Ct. 2132, 2149, 76 L.Ed.2d 236 (1983).

---

**5.** In *Paul Allison, Inc.,* the district court also held that a party who failed to object to an arbitration award within three months of the award, as set forth in Section 12 of the FAA, was not barred from thereafter objecting when a motion to confirm the award was made. 452 F.Supp. at 575. The Court notes that the Fourth Circuit has held to the contrary on that precise point. *See Taylor,* 788 F.2d at 225 ("once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm" absent a tolling or due diligence exception).

**6.** The parties did not specify that application for confirmation would be made to this Court. However, the Court reads the one-year provision to be applicable to the present situation where the parties are making application "to the United States District Court in and for the dis-

trict within [the Award] was made." 9 U.S.C. § 9.

**7.** Although not directly on point, the Court is aware of those cases in which courts have confronted the issue of whether the venue provision in Section 9, which uses the term "may" in referring to the court to which application for confirmation can be made, is permissive or mandatory. *Compare Island Creek Coal Sales Co. v. City of Gainesville,* 729 F.2d 1046, 1050 (6th Cir.1984) (Section 9 venue provision is mandatory); *Arthur Imerman Undergarment Corp. v. Local 162,* 145 F.Supp. 14, 17 (D.N.J. 1956) (same); with *Amalgamated Clothing & Textile Workers Union v. Federation of Union Representatives,* 664 F.Supp. 995, 996 (S.D.W.Va. 1987) (Section 9 venue is permissive); *Paul Allison, Inc.,* 452 F.Supp. at 574) (same).

The most persuasive evidence of legislative intent is the wording of a statute. *Sierra Club v. Train*, 557 F.2d 485, 489 (5th Cir.1977). Thus, the starting point for discerning congressional intent is the language of the statute itself and Congress is presumed to have used words according to their ordinary meaning unless a different use is clearly indicated. *Matala v. Consolidation Coal Co.*, 647 F.2d 427, 429 (4th Cir.1981). Except in rare cases, the plain meaning of legislation is conclusive. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). In Section 9, Congress clearly provided that an application for summary confirmation is to be made "at any time within one year after the award is made." Plaintiff's reading of Section 9 as allowing a party to apply for summary confirmation after one year has elapsed implies that Congress inserted the one-year provision in Section 9 even though it is wholly unnecessary. In construing a statute, courts are obliged to give effect, if possible, to every word Congress has used, *Bowsher v. Merck & Co.*, 460 U.S. 824, 833, 103 S.Ct. 1587, 1593, 75 L.Ed.2d 580 (1983), and to avoid making any word superfluous. *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir.1985). The interpretation urged by plaintiff, and the one given Section 9 by the *Kentucky River Mills*, *Brown*, and *Paul Allison, Inc.* courts, that this is not a limitations period, incorrectly reads the one-year provision out of the statute. While the use of the term "may" in Section 9 could be construed to mean that it is permissible for a party to seek confirmation of an arbitration award if it chooses to do so, Congress clearly intended that a party who chooses to avail itself of the summary confirmation process, which plaintiff has done here, must do so within one year of the award.[8] Plaintiff's failure to seek confirmation within the one-year statute of limitations period precludes the Court from summarily confirming the Award and entering judgment in plaintiff's favor.[9]

### B.

Plaintiff argues, however, that even if the one-year provision is a statute of limitations, the Court should nevertheless enter judgment on the Award because plaintiff may avail itself of enforcement remedies other than the FAA if confirmation is denied. Plaintiff principally relies upon *Paul Allison, Inc.*, in which the court, in finding that the one-year provision is not a limitations period, stated:

Nothing before the Court indicates that the

plaintiff would be precluded from filing a petition to affirm the award in this district tomorrow if the motion to dismiss would be granted today. Since the matter is before the Court on the merits at the present time, it would be impractical and inefficient to require the parties to engage in an additional circuitous procedure to satisfy a jurisdictional technicality.

452 F.Supp. at 575. Plaintiff also relies upon language in the *Kentucky River Mills* case, in which the court stated that a party may apply for an order confirming an arbitration award, but "is not limited to such remedy." 206 F.2d at 120.

**8.** The FAA is patterned after the New York Arbitration Act ("NYAA"). *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F.Supp. 1162, 1165 (N.D.Tex.1987). Under the comparable, but not identical section of the NYAA (N.Y.Civ. Prac.Law 7510), a petition for confirmation which is filed more than one year following the award is subject to dismissal. *See, e.g., Teachers Ass'n of the Tarrytowns v. Tarrytown Bd. of Educ.*, 59 A.D.2d 890, 399 N.Y.S.2d 45 (2d Dept. 1977).

**9.** While the plain language of Section 9 is dispositive, the Court also notes that the general purpose of the FAA is to afford a party the opportunity to secure a speedy resolution of a controversy through the arbitration procedure, *In re Mercury Constr. Co.*, 656 F.2d 933, 938 (4th Cir.1981), aff'd sub nom. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); unless that party is guilty of dilatoriness or delay. *Radiator Specialty Co. v. Cannon Mills, Inc.*, 97 F.2d 318, 319 (4th Cir.1938). In this case, plaintiff is clearly guilty of delay in seeking confirmation of the Award.

While plaintiff may very well have other remedies to pursue, a matter which the Court need not decide, that reason does not authorize the Court to ignore the statute of limitations set forth in Section 9 of the FAA, which is the substantive law governing arbitration clauses in contracts evidencing a transaction in "commerce" as defined by Section 1 of the FAA. *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24, 103 S.Ct. at 941. The parties agree that the arbitration agreement in this case involves interstate commerce; thus, this case falls under the FAA,[10] *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir.1991), and the review of the Award is governed by Section 9. *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424, 429 (2d Cir.1974). Any other remedy which plaintiff may have has no bearing on the issue before the Court. Therefore, the Court will not enter judgment on the Award.

### III

As noted, in October 1989, the Court ordered that this litigation be stayed pending entry of an arbitration award or further order of this court. While the parties have completed arbitration on issues relating to Counts I–VII, they have not, as noted, pursued arbitration with respect to Count VIII during the two and one-half year period since the Court stayed this case. Having determined that plaintiff's motion for entry of the Award as a judgment (*i.e.*, confirmation) should be denied, the Court must now decide what to do with this litigation, which is well over three years old. The Court has carefully considered this matter and finds the following action to be appropriate. First, the Court will lift the stay entered in October 1989. Second, the Court will dismiss with prejudice Counts I–VII since they have been fully arbitrated.

Count VIII, however, presents a different situation. On the one hand, the Court recognizes that there has been no adjudication, either judicial or arbitral, of the merits on that claim. On the other hand, the parties have had more than ample opportunity to institute arbitration procedures pursuant to the Court's Order staying this litigation. Because the stay is now dissolved, the Court must either call this case to trial for resolution of Count VIII, which would deprive defendant of its right to have this claim arbitrated; issue a further stay so that the parties can again have the opportunity to arbitrate this claim, which would only prolong this litigation; or dismiss Count VIII for failure to prosecute.[11]

The Court has inherent authority to control its own docket and to dismiss a case for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). Before a district court can dismiss a case for failure to prosecute, it must consider the following factors: the plaintiff's degree of personal responsibility, the amount of prejudice caused the defendant, the presence of a drawn out history of deliberately proceeding in a dilatory fashion, and the effectiveness of sanctions less drastic than dismissal. *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir.1991). While it is appropriate for a district court to dismiss an action for the parties' failure to pursue arbitration, *see Morris v. Morgan Stanley & Co.*, 942 F.2d 648 (9th Cir.1991); *Ames v. Standard Oil Co.*, 108 F.R.D. 299 (D.D.C.1985); the Court is not now prepared to do so because there is insufficient information before the Court to apply the four factors used in this circuit for involuntary dismissals. The Court is also not prepared to institute another stay of these proceedings in order to allow the parties to once again have the opportunity to arbitrate Count VIII. Therefore, the Court intends to set this

---

**10.** The parties recognized this fact in drafting the Agreement, which specifically states that any award made will not be subject to modification or appeal "except to the extent permitted by Sections 10 and 11 of the Federal Arbitration Act...."

**11.** Although the Order staying this action did not compel arbitration, it is implicit in that Order that the parties were to avail themselves of arbitration on all claims. The failure to arbitrate could also be deemed failure to comply with an order of the Court.

matter for trial at its next term of court, set to begin May 4, 1992, in Columbia.[12]

## IV

IT IS THEREFORE ORDERED that plaintiff's Motion For Entry Of Arbitration Award As A Final Judgment And Rule 54(b) Certification As Final Judgment be DENIED; that the stay entered by the Court on October 4, 1989, be LIFTED; and that Counts I–VII of the complaint be DISMISSED WITH PREJUDICE due to the resolution of arbitration. IT IS FURTHER ORDERED that this case shall be called to trial during the Court's term of court beginning May 4, 1992, for the resolution of Count VIII only.

AND IT IS SO ORDERED.

---

**12.** The Court notes that the parties, in consenting to the stay of these proceedings for arbitration, specifically reserved their right to conduct discovery during the pendency of the stay. The parties have, therefore, had ample opportunity to conduct discovery and this case should be ready for trial.