11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

David B. Smith

Appellant

Vs.                   No.  11-02-00156-CV C
Appeal from Taylor County

J-Hite,
Inc. 

Appellee

 

This appeal arises out of a proceeding filed by appellee, J-Hite, Inc., to confirm an arbitration
award.  Appellant, David B. Smith,
originally filed suit in state district court against appellee
on October 12, 1999, with respect to his purchase of a manufactured home from appellee.  Appellee responded to appellant=s
original petition by asserting that his claims were subject to binding
arbitration as a result of various documents executed by appellant.  The trial court sustained appellee=s arbitration contention by dismissing
appellant=s suit
and referring the controversy to arbitration. 
Pursuant to the trial court=s
order, the parties initiated arbitration proceedings with the American
Arbitration Association.  The parties= disputes were heard by an arbitrator
in a hearing conducted from June 13, 2001, through June 15, 2001.  The arbitrator issued his arbitration award
on July 18, 2001.  The arbitrator awarded
a net recovery in favor of appellant in the amount of $1,814.16.  Appellee
forwarded  a check to appellant for the
amount of his net recovery on August 7, 2001.








Appellee filed an
application in state district court on October 23, 2001, seeking the entry of a
judgment confirming the arbitration award. 
Appellant responded to the application for confirmation by filing on
November 16, 2001, a pleading entitled ARespondent=s Answering Statement and Complaint.@ 
Appellant filed this pleading pro se. 
Appellant sought in this pleading to have the arbitration award set
aside on several grounds, including corruption between appellee
and the arbitrator, partiality of the arbitrator, and misconduct by the
arbitrator.  Appellee  filed a motion for summary judgment on
January 28, 2002, which the trial court granted on April 24, 2002.  Appellant raises 10 points of error attacking
the trial court=s entry
of summary judgment in favor of appellee.  We affirm.

The trial court=s
order granting summary judgment does not specify the grounds upon which it was
based.  When a trial court=s order granting summary judgment does
not specify the ground or grounds relied upon for its ruling, summary judgment
will be affirmed on appeal if any of the summary judgment grounds advanced by
the movant are meritorious.  Dow Chemical Company v. Francis, 46
S.W.3d 237, 242 (Tex.2001); Carr v. Brasher, 776 S.W.2d 567, 569
(Tex.1989).  Appellee=s motion sought summary judgment on two
grounds.  Appellee
alleged in the first ground that appellant=s
attempt to set aside the arbitration award was barred by limitations.  In the second ground, appellee
alleged that there was no evidence of any grounds sufficient to set aside the
arbitration award.

Appellant=s
fifth, sixth, seventh, and eighth points of error address appellee=s limitations contention.  Appellee asserts
that a provision of the Federal Arbitration Act (FAA) bars appellant=s attempt to set aside the arbitration
award more than 90 days after its entry. 
See 9 U.S.C.A. '
12 (West 1999).[1]  When reviewing a traditional motion for
summary judgment, the following standards apply:  (1) the movant for
summary judgment has the burden of showing that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will
be taken as true; and (3) every reasonable inference must be indulged in favor
of the non-movant and any doubts resolved in its
favor.  TEX.R.CIV.P. 166a; Goswami v. Metropolitan Savings and Loan
Association, 751 S.W.2d 487, 491 (Tex.1988); Nixon v. Mr. Property
Management Company, Inc., 690 S.W.2d 546, 548-49 (Tex.1985); City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 676 (Tex.1979).








Appellant executed a written document entitled ARETAIL
INSTALLMENT CONTRACT, SECURITY AGREEMENT, WAIVER OF TRIAL BY JURY, AND
AGREEMENT TO ARBITRATION OR REFERENCE OR TRIAL BY JUDGE ALONE@ in connection with his purchase of the
manufactured home from appellee.  The contract contains the following
provisions dealing with arbitration:

ARBITRATION
OF DISPUTES AND WAIVER OF JURY TRIAL:

 

a.         Dispute
Resolution.  Any controversy or claim between
or among you and me or our assignees arising out of or relating to this
Contract or any agreements or instruments relating to or delivered in
connection with this Contract, including any claim based on or arising from an
alleged tort, shall, if requested by either you or me, be determined by
arbitration, reference, or trial by a judge as provided below.  A controversy involving only a single
claimant, or claimants who are related or asserting claims arising from a
single transaction, shall be determined by arbitration as described below.  Any other controversy shall be determined by
judicial reference of the controversy to a referee appointed by the court or,
if the court where the controversy is venued lacks
the power to appoint a referee, by trial by a judge without a jury, as
described below.  YOU AND I AGREE AND
UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE
NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL
REFERENCE, OR BY TRIAL BY A JUDGE.

 

b.         Arbitration.  Since this Contract touches and concerns
interstate commerce, an arbitration under this Contract shall be conducted in
accordance with the United States Arbitration Act (Title 9, United States
Code), notwithstanding any choice of law provision in this Contract.  The Commercial Rules of the American
Arbitration Association (AAAA@) also shall apply. The arbitrator(s)
shall follow the law and shall give effect to statutes of limitation in
determining any claim.  Any controversy
concerning whether an issue is arbitrable shall be
determined by the arbitrator(s). The award of the arbitrator(s) shall be in
writing and include a statement of reasons for the award.  The award shall be final.  Judgment upon the award may be entered in any
court having jurisdiction, and no challenge to entry of judgment upon the award
shall be entertained except as provided by Section 10 of the United States
Arbitration Act or upon a finding of manifest injustice.

 








Section 12 of the FAA provides that notice of a motion to vacate
an arbitration award must be served upon the adverse party or his attorney
within three months after the arbitration award is filed or delivered.[2]  Section 12 effectively establishes a 3-month
limitations period for filing a motion to vacate an arbitration award.  See Eurocapital
Group Ltd. v. Goldman Sachs & Company, 17 S.W.3d 426, 430-31 (Tex.App. - Houston [1st Dist.] 2000, no pet=n).

Appellant argues in his sixth point of error that
the trial court erred in applying Section 12 to his attack of the arbitration
award.  Appellant contends that the
three-month deadline in Section 12 only applies to an independent motion to
vacate an arbitration award.  He asserts
that Section 12  does not apply to his
challenge because he filed his request to vacate the arbitration award in
response to appellee=s
application for an order confirming the award. 
Appellant cites three U.S. District Court opinions in support of this
proposition.  See Chauffeurs,
Teamsters, Warehousemen and Helpers Local Union No. 364 v. Ruan
Transport Corporation, 473 F. Supp. 298 (N.D. Ind. 1979); Paul Allison,
Inc. v. Minikin Storage of Omaha, Inc., 452 F.
Supp. 573 (D. Neb. 1978); and Riko
Enterprises, Inc. v. Seattle Supersonics Corporation, 357 F. Supp. 521
(S.D. N.Y. 1973).  The U.S. District
Court for the Southern District of Texas rejected the holdings of these three
cases in Tokura Construction Co., Ltd. v. Corporacion Raymond, S.A., 533 F. Supp. 1274, 1276-78
(S.D. Tex. 1982).  We agree with the
holding reached in Tokura that the 3-month
deadline contained in Section 12 applies to any attempt to vacate an
arbitration award.  See Florasynth, Inc. v. Pickholz,
750 F.2d 171, 174-75 (2nd Cir. 1984). 
Appellant=s sixth
point of error is overruled.  

Appellant asserts additional grounds for escaping
the application of Section 12 in his fifth point of error.  He first asserts that his challenge to set
aside the arbitration is a counterclaim subject to the timing requirements of
TEX. CIV. PRAC. & REM. CODE ANN. '
16.069 (Vernon 1997).  Appellant supports
this assertion by noting that the contract contains a Texas choice-of-law
provision.  We disagree with appellant=s contention that the timeliness of his
challenge to the arbitration award is subject to Section 16.069.  The arbitration clauses of the contract
expressly state that the provisions of the FAA control the arbitration
proceedings Anotwithstanding
any choice of law provision in this Contract.@
Furthermore, the court in Eurocapital held
that the 3-month deadline in Section 12 governs all attempts to vacate
arbitration awards governed by the FAA.  Eurocapital Group Ltd. v. Goldman Sachs &
Company, supra at 430-431.[3]  








Appellant additionally argues that Section 12 is
inapplicable as a result of the following provision in the contract:  A[N]o
challenge to entry of judgment upon the award shall be entertained except as
provided by Section 10 of the United States Arbitration Act or upon a finding
of manifest injustice.@  Appellant contends that Section 12 does not
apply because the contract only referenced Section 10 of the FAA.[4]  Section 10 sets out the grounds for vacating
an arbitration award governed by the FAA while Section 12 establishes the time
limitation for bringing such a challenge on the grounds listed in Section
10.  See Eurocapital
Group Ltd. v. Goldman Sachs & Company, supra at 431. As noted by the
court in Eurocapital, Sections 10 and 12 are
complimentary enforcement provisions intended to promote the federal policy
favoring arbitration.  Eurocapital Group Ltd. v. Goldman Sachs &
Company, supra at 431.  We disagree
with appellant=s
contention that the contract=s
omission of a specific reference to Section 12 renders the provision
inapplicable.  Appellant=s fifth point of error is
overruled.  

In his seventh point of error, appellant contends
that the trial court erred in calculating the date upon which the time
limitation of Section 12 began to run. 
Section 12 provides that the 3-month period commences when the
arbitration award is Afiled
or delivered.@
Appellant acknowledged in his response to the motion for summary judgment that
he received the arbitration award on July 24, 2001.  Appellant initially responded to the
arbitration award by filing a motion for reconsideration with the arbitrator on
July 30, 2001.  The arbitrator denied the
motion for reconsideration on August 3, 2001. 
Appellant received a copy of the denial on August 7, 2001.  Appellant argues on appeal that the
limitations period commenced on August 7, 2001, because that is the date that
he received the arbitrator=s
final ruling.  Assuming, without
deciding, that the pendency of appellant=s motion for reconsideration tolled the
limitations  period set out in Section
12, the date of August 7, 2001, is more than three months prior to the date
that appellant filed his challenge to the arbitration award (November 16,
2001).  Accordingly, appellant=s contention regarding the accrual date
does not require a reversal of the trial court=s
grant of summary judgment.  Appellant=s seventh point of error is overruled.








Appellant argues in his eighth point of error that
the trial court erred in denying his request for equitable tolling of the
limitations period set out in Section 12. 
In support of this argument, appellant relies on his attempt to set
aside the arbitration award by filing a lawsuit in federal district court on
August 1, 2001.  Appellant filed his
complaint in federal court pro se. 
Appellant did not pay a filing fee with the federal court.  Instead, he sought to prosecute the federal
action as a pauper.  The federal court
denied appellant=s request
to proceed as a pauper by dismissing his claim without prejudice on September
4, 2001.  Appellant asserts that the
3-month limitations period should be tolled during the period of time that his
federal complaint remained pending.

Few Texas cases have addressed the concept of
equitable tolling.  Equitable tolling
applies in situations where the claimant has actively pursued his judicial
remedies by filing a defective pleading during the statutory period or where
the complainant has been induced or tricked by his adversary=s misconduct into allowing the
following deadlines to pass.  Czerwinski
v. The University of Texas Health Science Center at Houston School of Nursing,
116 S.W.3d 119, 122-23 (Tex.App. - Houston [14th
Dist.] 2002, pet=n den=d)(citing Rowe v. Sullivan, 967
F.2d 186, 192 (5th Cir. 1992)).  The appellate
record does not support appellant=s
contention that the trial court erred in denying appellant=s request for equitable tolling.  While appellant did file a proceeding in federal
court to vacate the arbitration award within the 3-month period, appellant=s federal complaint was not dismissed
because of a pleading defect.  Instead,
the federal complaint was dismissed because the federal court denied appellant=s request to proceed as a pauper.  The dismissal date of the federal complaint
(September 4, 2001) afforded appellant at least 6 weeks to re-file his claim to
set aside the arbitration award within the 3-month period provided by Section
12.   Appellant=s
eighth point of error is overruled.








In his tenth point of error, appellant presents
the general contention that the trial court erred  in granting summary judgment in favor of appellee.  As set
forth in our discussion of appellant=s
fifth, sixth, seventh, and eighth points of error, we have determined that the
trial court did not err in granting summary judgment on appellee=s limitations claim.  Accordingly, appellant=s
tenth point of error is overruled.  We
need not address appellant=s
first, second, third, fourth, and ninth points of error because they address appellee=s
no-evidence contention under Rule 166a(i).  Our determination that summary judgment was
proper on appellee=s
limitations contention renders these points of error moot.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

December 18, 2003

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











     [1]As
used herein, the terms AFederal Arbitration Act,@ AFAA,@ and AUnited States Arbitration Act@ refer to Title 9 of the United States Code.





     [2]As
used herein, ASection 12@ refers
to 9 U.S.C.A. ' 12 (West 1999).





     [3]As
noted by the court in Eurocapital, the Texas
General Arbitration Act also contains a 90-day limitation for seeking to vacate
an arbitration award.  See TEX.
CIV. PRAC. & REM. CODE ANN. '171.088(b) (Vernon Supp. 2003); Eurocapital
Group Ltd. v. Goldman Sachs & Company, supra at 430 n.4. 





     [4]As
used herein, ASection 10@ refers
to 9 U.S.C.A. '10 (West Supp. 2003).